UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN R. CLARK, )<br>)<br>Defendant. ) | No. 4:19-cv-3175 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, a/k/a Abbue-Jau, for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be denied, and this case will be dismissed.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v.*

*Asher,* 741 F.2d 209, 213 (8th Cir. 1984), *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2]

---

[1] *See Cox v. Lang,* 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey,* 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello,* 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz,* 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey,* 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow,* 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer,* 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer,* 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly,* 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson,* 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker,* 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri,* 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of,* 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton,* 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of,* 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019); *Cox v. Shelton, No.* 4:19-cv-3182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam,* 4:19-cv-3183-JMB (E.D. Mo. Dec. 3, 2019).

[2] *See* Cox v. Fleissig, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey,* 4:19-cv-3143-SPM (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019); *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark, No.* 4:19-cv-3175-AGF (E.D. Mo. Nov. 27, 2019).

## The Complaint

Plaintiff brings this action against the Honorable Stephen R. Clark to complain about the dismissal of one of his prior cases, *Cox v. Hulsey,* 4:19-cv-2592 SRC (E.D.Mo. Sept. 17, 2019). Plaintiff attached to the complaint a partial copy of the Memorandum and Order entered in the case by the Honorable Stephen R. Clark, along with handwritten notations on the Order.

In his handwritten notes, plaintiff alleges that the Court's assertion in its Memorandum and Order that he brought his action against Police Officer Hulsey pursuant to 42 U.S.C. § 1983 was fraudulent.[3] Although plaintiff does not elaborate on this statement. In a later passage, plaintiff writes that it was also a fraudulent assertion for the Court to presume that plaintiff was bringing his action against Officer Hulsey in his official capacity.[4]

Included with the complaint are pages of language about various legal topics and definitions, including the words "traffic" and "fraud." Plaintiff seeks several million dollars in damages in this action.

## Discussion

---

[3] In *Monroe v. Pape*, 365 U.S. 167 (1961), the United States Supreme Court considered the application of federal civil rights law to constitutional violations by Chicago city police officers. The case was significant because it held that 42 U.S.C. § 1983, a statutory provision from 1871, could be used to sue state officers who violated a plaintiff's constitutional rights. Although the Supreme Court dismissed the complaint against the City of Chicago itself in *Monroe*, finding that Congress had not intended the word "person" in section 1983 to apply to municipalities, this aspect of *Monroe* was later partially overruled in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) which held that local governments were "persons" under the act and could face liability under certain circumstances. Thus, *Monroe* was a watershed case in that it recognized the ability of litigants to seek a federal remedy against state actors through the Fourteenth Amendment and 42 U.S.C. § 1983 for violations of their civil rights.

[4] In 1989, the Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that States and their officials acting in their official capacity are not persons when sued for monetary damages under 42 U.S.C. § 1983. In Missouri, Courts must interpret a complaint as including only official capacity claims unless specifically noted at the time the complaint is filed. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge Clark acted in the absence of jurisdiction or outside his judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). The complaint is malicious because it is clear from the circumstances surrounding the filing and the nature of the allegations that plaintiff filed the complaint to harass and disparage Judge Clark for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 5th day of December, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE